UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JENNA DEPUE,<br><br>　　　　　　　　　Defendant. | Case No. 2:10-CR-109-KJD-PAL<br><br>Findings of Fact and Conclusions of Law |

　　　　Before the Court is the Government's Motion for Entry of Order of Forfeiture as to Jenna Depue (#79). The time for Defendant's opposition has passed, and counsel for Defendant has advised the Court that no opposition will be filed (#80).

　　　　This matter comes before the Court on reassignment as directed by the Ninth Circuit (#75). The Government originally sought an order of forfeiture which was denied (#46). The Government then filed a motion to reconsider (#49) which was denied (#51). On appeal, the Ninth Circuit vacated and remanded the order denying imposition of a criminal forfeiture money judgment (#60). The court then reinstated its prior denial (#64). On appeal for the second time, the Ninth Circuit once again vacated and remanded the order, and ordered that the case be reassigned (#75).

　　　　That Order (#75), reads in pertinent part as follows: "[T]he district court is obligated to enter a forfeiture judgment against the defendant . . . ." "[E]ntry of a forfeiture judgment against Depue is mandatory [under the law] . . . and the district court erred in refusing to enter such

judgment . . . ." The question before this Court is not normative, but positive; not what the law should be, but what it is. While the law often permits the exercise of judgment and discretion by a judge, it can be wholly inflexible at times. Such is the case here.

**I. Findings of Fact**

On March 5, 2010, Defendant pled guilty to the following:

- She is guilty of conspiracy to commit mail fraud, wire fraud, and bank fraud, specifically that
    - between approximately January 1, 2006 and May 31, 2007, Defendant participated in a conspiracy with others to submit mortgage loan applications to financial institutions to finance straw buyer real estate purchases in Nevada.
    - Defendant caused to be recruited straw buyers to purchase properties on behalf of members of the conspiracy
    - Defendant caused material false information to be included on straw buyers' loan applications so these buyers would qualify for loans for which they otherwise would not qualify
    - Defendant caused the loan applications to be forwarded to financial institutions for funding of the mortgages
    - Defendant caused loan applications to be sent to financial institutions, some of which were federally insured, to fund mortgage loans to purchase various properties in the names of straw buyers
    - as a result of this fraud, the financial institutions suffered an aggregate loss of approximately $348,000.

As part of her plea agreement, Defendant agreed to the forfeiture of $1,060,000.00.

**II. Conclusions of Law**

As the Ninth Circuit noted, 28 U.S.C. 2461(c) permits the government to include notice of forfeiture in an information issued against the defendant when forfeiture is authorized. If

1  convicted, the court is obligated to ender a forfeiture judgment against the defendant. See #75
2  citing United States v. Newman, 659 F.3d 1235, 1239-40 (9th Cir. 2011). Forfeiture was
3  authorized, and the Government included such notice in its criminal information, making entry
4  of the forfeiture order "mandatory." See #75, citing Newman, 659 F.3d at 1239-40.
5       The forfeiture statutes require forfeiture of the proceeds of a defendant's criminal
6  activities, in this case, the total amount of the original loans. Id. The Government has met all the
7  procedural and legal requirements to obtain a criminal forfeiture judgment and factually proved
8  the dollar amount. See #75.

10  DATED this 9th day of December 2014.

                                                              _____
                                                              Kent J. Dawson
                                                              United States District Judge